# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COUNTRY PURE FOODS, INC | CASE NO. 1:10-CV-06991 |
| Petitioner, | JUDGE: HARRY D. LEINENWEBER |
| vs. | |
| YANTAI NORTH ANDRE JUICE CO., LTD. | |
| Respondent. | |

## MOTION FOR ENTRY OF FINAL JUDGMENT
## CONFIRMING ARBITRATION AWARD

NOW COMES PETITIONER, Country Pure Foods, Inc., by and through its attorneys Charles H. Cole, and moves this Court, pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act, for an Order confirming the Arbitration Award in favor of Petitioner, dated September 1, 2010. In support of this Motion, Petitioner states as follows:

1. Section 9 of the Federal Arbitration Act provides:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon **the court must grant such an order** unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. * * * Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. * * * If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9 (**emphasis supplied**).

2. As indicated in the plain language of the statute, this Court **must grant** the requested relief in the present case because:

   (1) the parties agreed in their Agreement to Arbitrate to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for any proceedings to confirm the arbitral award;

   (2) Petitioner has filed its Petition to Confirm Arbitration Award within one year after the award was made (the Arbitrator's Award is dated September 1, 2010);

   (3) Notice of the Petition to Confirm Arbitration Award was provided to Respondent pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

3. In accordance with 9 U.S.C. § 13 of the Federal Arbitration Act, Petitioner submits herewith the following:

   (1) Arbitrator's Award (attached as Exhibit "A");

   (2) The parties' Agreement to Arbitrate (attached as Exhibit "B"); and

   (3) A copy of the Notice provided to Respondent of the Petition to Confirm the Arbitration Award, including the "Certificate" containing the attestation from the Republic of China that the documents were in fact served in March of 2011 (attached as Exhibit "C").

4. As indicated above, 9 U.S.C. § 9 only requires that the party seeking confirmation of an arbitration award provide notice to the adverse party. In the present case, Petitioner not only provided notice, but it sought and obtained formal service of the Petition through Section

5(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which provides as follows:

> The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency . . .
>
> a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory . . . .

5. As evidenced by Exhibit "C" hereto, the Republic of China's Central Authority (the "Central Authority") provided notice to Respondent. Specifically, a representative of the Central Authority offered the papers in person to a representative of Respondent, but Respondent refused to accept the documents. Nonetheless, the papers were left with the Respondent by the Central Authority representative. The Central Authority has certified that this is sufficient to meet the requirements of process service in China - which is actually more than was required under the Federal Arbitration Act. For this reason, Petitioner has met the "notice" requirements of 9 U.S.C. § 9.

6. For each of these reasons, Petitioner Country Pure Foods, Inc. prays for an order:

(a) Confirming the Arbitrator's award against Respondent Yantai North Andre Juice Co., Ltd.;

(b) Entering a Final Judgment in favor of Petitioner Country Pure Foods, Inc. and against Respondent Yantai North Andre Juice Co., Ltd. in the sum of $1,638,026.15; and

(c) Awarding Petitioner Country Pure Foods, Inc. interest on the Judgment at a rate of 5% simple interest per annum, from November 1, 2010 forward in accordance with the Arbitration Award;

7. A proposed Final Judgment Entry is attached for the Court's convenience.

WHEREFORE, Petitioner, Country Pure Foods, Inc., respectfully submit this Motion and asks this Honorable Court to enter an Order confirming the Arbitration Award in favor of Petitioner, dated September 1, 2010, and for whatever other relief this Court deems just.

Respectfully submitted,

*/s/ Charles H. Cole*
Charles H. Cole (0482285)
Schuyler, Roche & Crisham, P.C.
1 Prudential Plaza
130 East Randolph Street
Suite 3800
Chicago, Illinois 60601
Phone: 312.565.8378
Fax: 312.565.8300
Email: ccole@SRCattorneys.com

*Attorney for Plaintiff Country Pure Foods, Inc*

Of Counsel:

Ronald S. Kopp (Ohio Atty. No. 0004950)
Paul W. Lombardi (Ohio Atty. No. 0079179)
Roetzel & Andress, LPA
222 South Main Street
Suite 400
Akron, Ohio 44308
Phone: 330.376.2700
Fax: 330.376.4577
Email: rkopp@ralaw.com
plombardi@ralaw.com

1753686 \ 110415.0005